# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY DEVONTE BARBOUR, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-19-897 |
| HARFORD COUNTY SHERIFF OFFICE, | * | |
| Defendant | * | |
| | *** | |

## **MEMORANDUM**

Plaintiff Anthony Devonte Barbour filed the above-captioned civil rights action alleging that he was assaulted by Lt. Howell while a pretrial detainee. ECF No. 1. Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 14. Despite being notified of his right to file an opposition (ECF No. 15), plaintiff has not responded to the dispositive motion. The matter is now ripe for review. The court finds a hearing in these matters unnecessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, defendant's dispositive Motion, construed as a Motion for Summary Judgment, will be GRANTED. Plaintiff's Motions for Jury Trial (ECF No. 9), to Make the Video Evidence Available (ECF No. 10), and to Appoint Counsel[1] (ECF No. 12) will be denied.

## **Background**

---

[1] In support of his Motion to Appoint Counsel, plaintiff indicates that he has limited access to the law library and limited knowledge of the law. ECF No. 12. "A pro se prisoner does not have a general right to counsel in a § 1983 action." *Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017). A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and an indigent claimant must present "exceptional circumstances." *Id.* at 170; *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). Upon careful consideration of the motions and previous filings by plaintiff, the court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the court are not unduly complicated. Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1).

Plaintiff alleges that on February 22, 2019, while housed as a pretrial detainee at the Harford County Detention Center, he was being escorted to his cell when he was advised that his cell had been searched and his lunch taken. ECF No 1, p. 2; ECF No. 1-2, p. 1 (incident report). Plaintiff became upset because his housing assignment prohibited him from purchasing food through the commissary and he advised his escort that he would not lock into his cell until he was provided another lunch. ECF No. 1, pp. 2–3. Officers directed plaintiff to lock into his cell, but plaintiff attempted to walk to the middle of the dayroom "when [he] was grabbed and forcefully pushed by Lt. Howell. . . ." *Id.* Plaintiff was picked up and flipped resulting in his breaking one rib and fracturing another. *Id.* Subsequently, plaintiff was placed in isolation and on lock-up and denied medical attention. *Id.*

In his Complaint, plaintiff indicates that he filed a prison grievance regarding the events complained of and, at the time he filed this Complaint, that grievance remained under investigation. ECF No. 1, p. 2.

**Standard of Review**

Defendant filed its Motion as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Typically, when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court considers only the complaint and any attached documents "integral to the complaint." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). To the extent that grounds for dismissal are based solely on the contents of the complaint, the court may dismiss under Rule 12(b)(6) if the complaint does not allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of

2

self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Rule 12(d) requires courts to treat a Rule 12(b)(6) motion as a motion for summary judgment when matters outside the pleadings are considered and not excluded. Fed. R. Civ. P. 12(d). Before converting a motion to dismiss to one for summary judgment, courts must give the nonmoving party "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable opportunity" has two requirements: (1) the nonmoving party must have some indication that the court is treating the Rule 12(b)(6) motion as a motion for summary judgment, and (2) the nonmoving party "must be afforded a reasonable opportunity for discovery" to obtain information essential to oppose the motion. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citation omitted). Here, the notice requirement has been satisfied by the title of the motion. To show that a reasonable opportunity for discovery has not been afforded, the nonmoving party must file an affidavit or declaration under Rule 56(d) explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d), or otherwise put the district court on notice of the reasons why summary judgment is premature, *see Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002). Here, plaintiff has not filed a Rule 56(d) affidavit.[2] Under these circumstances, the court will construe defendant's motion as a motion for summary judgment.

---

[2] Plaintiff has sought video of the incident. ECF No. 10. Plaintiff's Motion was filed prior to defendant's dispositive motion and does not provide any explanation in support of the request for the video. Discovery may not commence before defendants have answered or otherwise responded to the complaint, and then only after a scheduling order has been issued by this court. *See* Local Rule 104.4 (D. Md. 2018). No discovery order has been issued in this case.

Under Federal Rule of Civil Procedure 56, the court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248–49.

## Analysis

Defendant raises the affirmative defense that plaintiff has failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 803, 110 Stat. 1321 (1996) (codified as amended at 42 U.S.C. § 1997e(a)):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2012). For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

---

Plaintiff is not entitled to the discovery he seeks, and the motion is denied.

probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). Inmates must exhaust administrative remedies before they bring any "suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion is mandatory and generally may not be excused unless the administrative procedure is not available. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (holding that an inmate "must exhaust available remedies, but need not exhaust unavailable ones"). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). In *Ross*, the United States Supreme Court identified three circumstances when an administrative remedy is unavailable. An administrative procedure is not available when officers are consistently unwilling or unable to provide relief to aggrieved inmates, the procedure is so opaque that it is practically incapable of use, or prison administrators actively thwart inmates from filing grievances. *Ross*, 136 S. Ct. at 1859–60.

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he... PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).

5

Harford County Detention Center has an inmate grievance system available to all inmates. ECF No. 14-2 (Inmate Grievance System). It is clear from plaintiff's Complaint that plaintiff failed to exhaust his administrative remedies as to his claim, as he had only begun but had not completed the process when he instituted these proceedings. Exhausting administrative remedies after a complaint is filed will not save a case from dismissal for failure to exhaust administrative remedies. *See Neal v. Goord*, 267 F.3d 116, 121–22 (2d Cir. 2001) (overruled on other grounds). In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal court. . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." *See Kitchen v. Ickes*, 116 F. Supp. 3d 613, 625–26 (D. Md. 2015); *see also Blackburn v. S. Carolina*, C.A. No. 0:06-2011-PMD-BM, 2009 WL 632542, at *8 (D.S.C. Mar. 10, 2009) *aff'd*, 404 F. App'x 810 (4th Cir. 2010); *Kaufman v. Baynard*, CIV.A. 1:10-0071, 2012 WL 844480, at *12 (S.D. W. Va. Feb. 3, 2012), *report and recommendation adopted*, CIV.A. 1:10-0071, 2012 WL 844408 (S.D. W. Va. Mar. 12, 2012); *Miller v. McConneha*, No. JKB-15-1349, 2015 WL 6727547, at *3–4 (D. Md. November 2, 2015).

Accordingly, plaintiff's claim must be dismissed for failure to exhaust administrative remedies.[3] In light of the foregoing, plaintiff's Motion for Jury Trial (ECF No. 9) is also denied.

A separate Order follows.

\_\_\_4/1/19\_\_\_  
Date

\_\_\_CCB\_\_\_  
Catherine C. Blake  
United States District Judge

---

[3] In light of plaintiff's failure to exhaust administrative remedies, the court need not address defendant's additional defenses.